## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JAVIER JESUS KATITO, | : | |
| Petitioner, | : | No. 2:26-cv-3009 |
| | : | |
| vs. | : | |
| | : | |
| J.L. JAMISON, JOHN RIFE, | : | |
| MARKWAYNE MULLIN, TODD | : | |
| BLANCHE, U.S. DEPTMENT OF | : | |
| HOMELAND SECURITY, EXECUTIVE | : | |
| OFFICE FOR IMMIGRATION REVIEW, | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 6th day of May 2026, upon consideration of the Petition for Writ of Habeas Corpus (Petitioner, ECF No. 1), and the Government's Response in Opposition to Petitioner for Writ of Habeas Corpus (ECF No. 4), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 8, 2026**;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the

Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5.    The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**JOHN M. YOUNGE, J.**

---

[1]  Petitioner, Javier Jesus Katito, is 41-year-old native of Venezuela who has been in immigration detention since May 3, 2026. (Petition for Writ of Habeas Corpus ¶ 2, ECF No. 1). On or about March 3, 2024, Petitioner entered the United States at El Paso, Texas. Shortly thereafter, he was detained by Department of Homeland Security (DHS) and processed for removal proceedings on April 23, 2024. (*Id*. ¶ 18). Petitioner was released and has lived in Philadelphia, Pennsylvania with family members for the past two years. (*Id*.). He works for DoorDash and a restaurant, providing for his family abroad, and he is an artist. (*Id*. ¶ 19). Petitioner has complied with all the conditions of his removal proceedings and immigration release and has submitted an asylum application. (*Id*. ¶ 20). Currently, DHS holds Petitioner at the Philadelphia Federal Detention Center where his next scheduled immigration hearing is November 3, 2026. (*Id*. ¶ 20-21).

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary.  (Response in Opposition pages 3, 6 (referencing the more than 250 decisions in this district that have rejected the Government's position).)

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025).  The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus

making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit appeals decisions adopting the Government' position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).